IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.   Case Nos.:  3:13cr19/MCR/HTC
　　　　　　　　　　　　　3:19cv2874/MCR/HTC
DONNY ROSS

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Donny Ross's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. ECF Doc. 45. The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

After careful consideration of the motion, the record, the relevant law, and the Government's response (ECF Doc. 48), the undersigned recommends the motion be DENIED without an evidentiary hearing. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases. Ross's sole ground for relief - that he is entitled to relief under the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) - is procedurally barred and without merit.

## I. BACKGROUND AND PROCEDURAL HISTORY

On February 20, 2013, a grand jury charged Ross in a two-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count One") and possession of a stolen firearm and ammunition in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) ("Count Two").  ECF Doc. 1.  The following State of Florida felony convictions allegedly formed the basis for Count One: (1) aggravated battery; (2) possession of controlled substance-cocaine; (3) possession of controlled substance; and (4) possession of controlled substance with intent to sell-marijuana and escape.  *Id.*

On March 25, 2013, Ross pleaded guilty to Count One, in exchange for which the Government agreed to move to dismiss Count Two.  ECF Docs. 18-20.  The facts relating to the offense conduct are set forth the Factual Basis For Guilty Plea (ECF Doc. 19), which Ross agreed to and he and his counsel signed.  Those facts include the following:  On September 16, 2012, the Pensacola Police Department ("PPD") was dispatched to an apartment on Langley Avenue to investigate a shooting.  They found a car in front of the apartment with what appeared to be a bullet hole.  As a PPD officer searched Ross incident to his detention, the officer found a live .380 caliber round in Ross's mouth.

Page **3** of **14**

> The statement of facts further provides:
>
> The defendant, in both pre and post-Miranda statements, admitted at the scene, and again at the PPD station (after another *Miranda* warning and a written *Miranda* waiver), *that he knew he was a convicted felon*, that he was the one who discharged the gun that produced the bullet hole in the above referenced car, and that he had then hidden the firearm in an apartment because he knew the police had been called.

ECF Doc. 19 at 1 (emphasis added). Ross also admitted that a firearm the PPD recovered during a consensual search of the apartment in question was the firearm he possessed and discharged.

> The plea agreement identified the elements of the offense as:
>
> 1. The defendant knowingly possessed the firearm and ammunition, as charged;
> 2. Before he possessed the firearm and ammunition, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and
> 3. The possession of the firearm and ammunition was in or affecting commerce.

ECF Doc. 19 at 2-3. Although Ross agreed "he knew he was a convicted felon" at the time of the offense, Ross's knowledge of this status as a prohibited person was not specifically set forth in the indictment or as an essential element of the offense.

The Court accepted Ross's guilty plea and sentenced him within the applicable guidelines range to a term of 100 months' imprisonment. ECF Docs. 27, 28. Ross filed a notice of appeal, but the appeal was dismissed for want of

prosecution on September 9, 2015 because Ross failed to timely file a motion to proceed in forma pauperis and a Transcript Order Form. ECF Doc. 39.

## II.  ROSS' PETITION

Ross filed the instant motion on July 24, 2019 seeking sentencing relief pursuant to *Rehaif*.[1] In *Rehaif*, the Supreme Court held that the word "knowingly" in § 924(a)(2) modifies both the status and possession elements. Otherwise stated, to secure a conviction under § 924(a)(2) the Government must prove the defendant not only knowingly possessed the firearm but also knew he or she was in a class of persons barred from possessing a firearm. *Rehaif,* 139 S. Ct. at 2195-96. Although Ross raises only one ground for relief, he actually sets forth two claims of error.

First, he contends the Government failed to prove his possession of the weapon was in or affecting interstate or foreign commerce. Second, he contends the Government failed to establish the "knowingly" or *mens rea* element of § 922(g). ECF Doc. 45 at 4. Ross asks for his sentence to be commuted, and suggests because his term of imprisonment has ended, the Court could eliminate his term of

---

[1] *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (Under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.).

Case Nos.: 3:13cr19/MCR/HTC; 3:19cv2874/MCR/HTC

supervised release. *Id.* at 12.

### A. Interstate Commerce

As stated above, Ross argues the Government failed to establish the interstate commerce element of § 925(g). The undersigned finds Ross is not entitled to relief because this claim is both procedurally barred and untimely. It is procedurally barred because it was not raised on direct appeal. It is untimely because it was not filed until 2019, several years after Ross's judgment became final.

1. Procedural Bar

Because a motion to vacate under § 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a § 2255 motion and will be considered procedurally barred. *Lynn v. United States*, 365 F.3d 1225, 1234-35 (11th Cir. 2004); *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). Ross's claim that the Government failed to prove his possession of a weapon had an effect on interstate commerce was unequivocally available to him on direct appeal. He did not need to develop any

facts to assert this claim of alleged error. Also, contrary to Ross's assertion, this ground for relief does not arise from the *Rehaif* decision (and even if it did, as discussed below, it would still be procedurally barred). Therefore, because Ross did not prosecute his direct appeal, this claim is procedurally barred.

A defendant may circumvent the procedural bar if he establishes both (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error. *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted); *McKay v. United States,* 657 F.3d 1190, 1196 (11th Cir. 2011); *United States v. Bane*, 948 F. 3d 1290 (11th Cir. 2020). To establish cause, Ross must show that some objective factor external to the defense prevented Ross from raising the claim on direct appeal, and this factor cannot be attributed to his own conduct. *Lynn*, 365 F.3d at 1235. To establish prejudice, Ross "must show that there is at least a reasonable probability that the result of the proceeding would have been different" had he raised the claim. *Henderson v. Campbell,* 353 F.3d 880, 892 (11th Cir. 2003) (citations omitted). Ross has shown neither.

Ross does not set forth any external factors which prevented him from raising this claim on appeal. Ross has also failed to establish any prejudice. Even had he raised this claim, the result of the proceedings would not have been different. This

Case Nos.: 3:13cr19/MCR/HTC; 3:19cv2874/MCR/HTC

is so because the facts Ross agreed to, as set forth in the Factual Basis for Guilty Plea (ECF Doc. 19), specifically state "[t]he firearm and ammunition was manufactured outside the State of Florida."   ECF Doc. 19 at 2.

Alternatively, Ross may also circumvent the procedural bar by establishing that allowing his conviction to stand would result in a fundamental miscarriage of justice, that is, a constitutional violation resulting in the conviction of someone who is actually innocent.   *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).   "'Actual innocence' means factual innocence, not mere legal insufficiency."   *Bousley*, 523 U.S. at 623, *Raulerson v. Warden,* 928 F. 3d 987, 1004 (11th Cir. 2019) (quoting *McKay v. United States*, 657 F. 3d 1190, 1198 (11th Cir. 2011)).   Such a showing requires Ross to establish that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."   *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995) (internal quotations omitted)).

Ross does not suggest in his motion either that he was actually innocent or that he did not know he was a convicted felon when he possessed the firearm in this case.   Such an argument, in any event, would be disingenuous.   As noted above, the factual basis for the plea, which Ross agreed to, specifically states that Ross admitted at the scene in both pre and post-*Miranda* statements that he knew he was

Case Nos.: 3:13cr19/MCR/HTC; 3:19cv2874/MCR/HTC

a convicted felon. ECF Doc. 19 at 1. This knowledge is supported by the Presentence Investigation Report ("PSR") and Florida Department of Corrections records which reflect that Ross served two separate prison terms in excess of two years. In 1996 he was sentenced to 28.5 months in prison after violating his probation for aggravated battery, and in 2009 he was sentenced to 27.15 months in prison after he pleaded nolo contendere and was adjudicated guilty in two separate cases charging him with possession with intent to sell a controlled substance, and with escape. ECF Doc. 24, PSR ¶'s 30, 39, 41. Also, Ross's guilty plea forecloses a finding that Ross is actually innocent of the charge.

2. Untimeliness

Motions under 28 U.S.C. § 2255 must be filed within one year of certain triggering events, namely, the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on

which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).

Here, Ross's claim of error based on the interstate commerce element of § 922(g) is untimely because the instant motion was filed in June 2019, more than three (3) years after his Judgment became final.  ECF Docs. 39, 45; *Close v. United States*, 336 F.3d 1283, 1285 (11th Cir. 2003) ("a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction", which is 90 days after the appellate court's entry of judgment where a direct appeal of the judgment has been filed).

Ross proceeds under the mistaken believe that *Rehaif* somehow makes this claim timely.  Indeed, in paragraph 18 of Ross's motion, which asks Ross to address the timeliness of the motion, he states "challenge based on a new rule of law and Supreme Court ruling in [*Rehaif*] which was unavailable at the sentencing time."  ECF Doc. 45 at 11.  As stated above, this claim of error does not arise out of *Rehaif*.  Thus, Ross's reliance on *Rehaif* as making this claim timely is misplaced.

**B. Mens Rea**

As set forth above, the second argument raised by Ross, that the Government did not prove he knew he was a person prohibited from possessing a firearm, is also

procedurally barred.   Unlike his interstate commerce argument, this argument does arise from the Supreme Court's decision in *Rehaif*.   The Government concedes *Rehaif* applies retroactively to initial § 2255 motions and thus, this claim is timely. *See* ECF No. 48 at 6.   However, the Government argues this claim is procedurally barred because Ross did not raise it on direct appeal.   The undersigned agrees and further finds that Ross has failed to establish the "cause and prejudice" necessary to circumvent the procedural bar.

Although *Rehaif* had not yet been decided at the time of Ross's direct appeal, this does not mean that he could not have raised the arguments at issue in *Rehaif* on direct appeal.   In other words, the fact that *Rehaif* was not decided until 2019 does not establish "cause" for Ross's failure to raise the argument that the Government failed to establish the knowledge element of § 922(g).   Such an argument, while not squarely addressed by the United States Supreme Court until *Rehaif*, was neither "novel" nor "unavailable" to Ross.   *See McCoy v. United States*, 266 F. 3d 1245, 1258 (11th Cir. 2001) (a rule is novel "only if the petitioner did not have the legal tools to construct the claim before the rule was issued") (citations omitted); *Smith v. Murray*, 477 U.S. 527, 537 (1986) (a claim is not "unavailable" where "various forms of the claim [the petitioner] now advances had been percolating in the lower

courts for years at the time of his original appeal").

Additionally, the fact that Ross may not have been successful had he raised it on appeal, also does not constitute cause. *See Bousley*, 523 U.S. at 622-23 ("futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'"; *see also McCoy*, 266 F. 3d at 1258 (holding that even though an *Apprendi*[2] argument had been uniformly rejected by every circuit to have addressed the issue, such a claim was not sufficiently novel to constitute cause because the building blocks for the claim were in existence.). Thus, Ross has not shown cause for not raising this claim on appeal.

Ross has also not established prejudice. Even if Ross had raised this claim, the outcome would not have been different. This is so because Ross admitted to law enforcement at the time of his arrest that he knew he was a convicted felon (ECF Doc. 19 at 1). Also, Ross had served two prison terms in excess of one year. ECF Doc. 48-1 at 1. Indeed, "had the government been required to prove that [Ross] knew he was a felon at the time he possessed a firearm, there is overwhelming evidence to show that it would have easily done so." *United States v. Bates,* 960

---

[2] *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt)

Case Nos.: 3:13cr19/MCR/HTC; 3:19cv2874/MCR/HTC

F.3d 1278, 1296 (11th Cir. 2020). Thus, neither Ross's substantial rights nor the fairness of the judicial proceedings were affected. *United States v. Reed*, 941 F. 3d. 1018 1022 (11th Cir. 2019) (where the record clearly demonstrates that it would be implausible for the defendant to not have been aware of his felony status, a *Rehaif* error does not affect his substantial rights). Finally, he would not have succeeded on appeal by raising this claim as a jurisdictional argument. The *Rehaif* error of which Ross complains is a non-jurisdictional defect that he waived by entering a guilty plea. *Bates*, 960 F. 3d at 1295 (citation omitted).

Having failed to show cause and prejudice for his failure to raise this claim previously, Ross may avoid the procedural bar by showing he is actually innocent. However, for the reasons already set forth above with regard to the interstate commerce argument, Ross cannot show he was actually innocent. Accordingly, Ross's claim of error based on *Rehaif* is procedurally barred.

### III. CONCLUSION

An evidentiary hearing is not necessary to resolve Ross' claims because "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015). Ross has demonstrated neither cause and prejudice nor actual

innocence to excuse his procedural default of his claims. Therefore, his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be denied in its entirety as procedurally barred.

## IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party

may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1. The Motion to Vacate, Set Aside or Correct Sentence (ECF Doc. 45) be DENIED.

2. A certificate of appealability be DENIED.

At Pensacola, Florida, this 17th day of December, 2020.

s/ *Hope Thai Cannon*
Hope Thai Cannon
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:13cr19/MCR/HTC; 3:19cv2874/MCR/HTC